## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **MARY PRIDE, an individual,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. _____ ____** |
| | § | |
| **DAYBREAK COMMUNITY** | § | |
| **SERVICES, INC. d/b/a DAYBREAK,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Mary Pride ("Pride"), an individual, Plaintiff, by and through her attorney submits this Complaint against the Defendant Daybreak Community Services, Inc. d/b/a Daybreak, on the following allegations:

## I.

## NATURE OF ACTION

1.01    This is an action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*) and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991 to correct unlawful unemployment practices on the basis of race. Defendant persistently discriminated against the named Plaintiff.

## II.

## JURISDICTION

2.01    Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for relief for illegal racial discrimination in employment.

2.02    This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1376(a) because they arise out of the same case or controversy.

## III.

## DEFENDANT

3.01    Defendant Daybreak Community Services, Inc. d/b/a Daybreak ("Daybreak") was the employer of Plaintiff in Amarillo, Texas at the time the alleged acts of discrimination occurred. Defendant is a corporation organized under the laws of the State of Texas. Defendant's registered agent is Jeanne Page, and she may be served with process at 2505 S. Interstate 35W, Burleson, Texas 76028.

## IV.

## PLAINTIFF

4.01    Plaintiff was a Daybreak employee who was terminated on February 3, 2009. Plaintiff's termination was a result of Plaintiff's reporting of racial remarks made to Plaintiff.

4.02    Mary Pride is an adult female who began her employment with Daybreak in November 2007, and was employed for fifteen (15) months. Plaintiff's position with Daybreak was that of a case manager. Pride filed a charge of harassment and discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on February 9, 2009, and received her "Notice of Suit Rights" on or about July 27, 2009, Exhibit "A".

## V.

## ALLEGATIONS

5.01    The named Plaintiff brings this action for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*) and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

5.02    All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the EEOC within three hundred days of the acts complained of herein and Plaintiff's complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's issuance of a right to sue letter.  The EEOC issued a right to sue letter on July 17, 2009 and Plaintiff received the letter on July 27, 2009.

5.03    This Defendant engaged in policies and practices which willfully, intentionally and unlawfully discriminated against Plaintiff on the basis of her color and race.  These practices and policies include, but are not limited to (1) allowing known race discrimination to take place, (2) not taking action against that known race discrimination, and (3) treating Caucasian employees more favorably than African-Americans.

5.04    Plaintiff's termination was and is a result of a policy and practice of Defendant to allow harassment or discriminatory treatment to continue and allowing Caucasian employees preferential treatment over African-American employees, specifically including but not limited to the discriminatory treatment of Pride.

5.05    Plaintiff has been adversely affected by the willful discriminatory policies complained of herein.    Specifically, the Plaintiff's claims arise out of the Defendant's discriminatory harassment and discriminatory treatment of African-Americans.

## VI.

## COUNT 1

### Racial Harassment and Discrimination

6.01    Plaintiff realleges and incorporates herein by reference the allegations contained in the above paragraphs.

6.02    Daybreak through its agents, supervisors, and employees, engaged in a pattern and practice of unlawful color and race discrimination by subjecting Plaintiff to disparate treatment and racist remarks.

6.03    The above-described unwelcome discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being. Daybreak has permitted race related comments and has not disciplined the offending employees.

6.04    Daybreak and its officers and agents at all times relevant hereto had actual and constructive knowledge of the conduct described above.

6.05    As a result of the hostile and offensive work environment perpetrated by Defendant and maintained by Daybreak's failure to protect Plaintiff and others from further discrimination, Plaintiff suffered severe emotional distress.

6.06    Daybreak and their officers and representatives violated 42 U.S.C. § 2000, *et seq.* and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Daybreak employees Linda Allen, Chris Bell and Kirk Coats.

6.07    Daybreak and its officers and representatives failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate harassment and discrimination from the

workplace and to prevent it from occurring in the future.  Daybreak treated Caucasian employees

more favorably than African-Americans.

6.08    Plaintiff repeatedly complained to supervisors of racial remarks made by employees

of Defendant, but no action was taken against the employees.  Instead, Plaintiff was wrongfully

terminated from her position because of the complaints.  Plaintiff has suffered damages, including

loss of wages, because of Defendants wrongful actions.

6.09    Plaintiff is informed and believes, and based thereon alleges, that in addition the

practices enumerated above, Defendant has engaged in other discriminatory practices against her

which are not yet fully known.  At such time as said discriminatory practices became known to her,

Plaintiff will seek leave of Court to amend this Complaint in that regard.

6.10    Plaintiff has filed charges of discrimination with the Texas Department of Human

Resources/U.S. Equal Employment Opportunities Commission (EEOC) against Defendant.  The

EEOC has issued a Right-to-Sue Notice authorizing this lawsuit.  A true and correct copy of the

Notice is attached hereto as Exhibit "A," and incorporated herein by reference.  Plaintiff has

exhausted her administrative remedies.

6.11    As a direct and proximate result of Defendant's willful, knowing and intentional

discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and

extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general

and compensatory damages in amounts to be proven at trial.

6.12    As a further direct and proximate result of Defendant's violation as heretofore

described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the

terms and conditions of the employment relationship with Defendant, and has thereby incurred, and

will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in finally ascertained.

6.13    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for her rights; and with the intent, design and purpose of injuring him.  Plaintiff is further informed and believes that Daybreak through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of their officers and representatives, including but not limited to Linda Allen, Chris Bell, Kirk Coats, and others.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

## VII.

## COUNT II

### Breach of Implied Contract

7.01    At all times material hereto, Plaintiff performed her job obligations with Defendant. Defendant breached its express and implied contractual commitments to Plaintiff by allowing racial harassment and discrimination, treating Caucasians more favorably than African-Americans and retaliating against her when she complained.

7.02    At the time the parties entered into the contract, as alleged herein above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Plaintiff would suffer present and future loss of earnings as a foreseeable and probable result thereof.

7.03   As a direct and proximate result of Defendant's breach of the implied contract, Plaintiff in fact has suffered loss of wages and benefits, the full extent and nature of which are presently unknown to her.  Plaintiff will therefore seek leave of Court to amend this complaint at such time as these damages are fully ascertained.

## VIII.

## COUNT III

### Intentional Infliction of Emotional Distress

8.01   Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 7.03 and incorporates the same herein as though fully set forth and the Court has jurisdiction of this Court under the doctrine of pendant jurisdiction.

8.02   In failing to protect Plaintiff from the continuing racial discrimination and other offensive conduct of Linda Allen, and it is believed others, and, further, perpetrating discrimination themselves, terminating Plaintiff in retaliation for reporting discrimination, more favorable treatment of Caucasians over African-Americans, Chris Bell and Kirk Coats abused their special position as Plaintiff's superior which vested them with substantial power to control her work environment and to damage her interest and well-being.

8.03   Through the outrageous conduct described above, Defendant and its agents and representatives acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

8.04   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment

benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

8.05    Defendant's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts of Defendant's officers and representatives, Linda Allen, Chris Bell and Kirk Coats, were performed with the knowledge of an employer's economic power over their employees.   Daybreak through its officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct of the Defendant in this action.  Consequently, Plaintiff is entitled to punitive damages from the Defendant.

## IX.

### COUNT IV

### Negligent Supervision Against Daybreak

9.01    Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 8.05 and incorporates the same herein as though fully set forth and the Court has jurisdiction of the Count under the doctrine of pendant jurisdiction.

9.02    Beginning in March 2008, and continuing thereafter, Defendant knew, or reasonably should have known, that Linda Allen, Chris Bell, Kirk Coats and others were engaging in the unlawful behavior described herein above or allowing the same to occur.

9.03    At all times material herein, Defendant knew, or reasonably should have known, that the conduct, acts, and failures to act of the Defendant and/or its supervisors, agents and employees as described herein above violated Plaintiffs rights under federal, state and municipal statutes, codes and ordinances.

9.04    At all times material herein, Defendant, its agents and representatives, knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

9.05    At all times material herein Defendant, its agents and representatives, knew, or in the exercise of reasonable care should have known, that unless Defendant its agents and representatives, intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of the Defendants and/or their supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff to personal injury and emotional distress.

9.06    Defendant, its agents and representatives, or in the exercise of reasonable care should have known, that unless Defendant refrained from said unlawful actions that Plaintiff would continue to be damaged.

9.07    At all times material herein, Defendant, its agents and representatives, had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of the Defendant and/or its supervisors, agents or employees as described herein above.

9.08    Despite said knowledge, power, and duty, Defendant and its agents and representatives negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

9.09    As a direct and proximate result of the failure of Defendant to protect Plaintiff, and to

adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the Defendant and/or its supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

9.10    At all times material herein, the failure of Defendant, its agents and representatives to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the Defendant and/or its supervisors, agents or employees violated Plaintiff's rights under federal, state, and municipal statutes, codes and ordinances.

9.11    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

9.12    Defendant's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts of Defendant were performed with the knowledge of an employer's economic power over its employees. Consequently, Plaintiff is entitled to punitive damages from the Defendant.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant as follows:

## As to the First Cause of Action:

1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in

an amount according to proof at trial;

2.      That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.      That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

**As to the Second Cause of Action:**

1.      That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.      That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.      That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

**As to the Third Cause of Action:**

1.      That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.      That Plaintiff be awarded punitive damages in an amount according to proof at trial; and

3.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

**As to the Fourth Cause of Action:**

1.      That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial; and

2.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

        **WHEREFORE,** Plaintiff Mary Pride, respectfully prays that the Defendant be cited to appear

and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, exemplary damages, together with interest as allowed by law, costs of Court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Philip R. Russ
State Bar No. 17406000
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
Tel. (806) 358-9293
Fax (806) 358-9296

Law Offices of Jerry D. McLaughlin
600 S. Tyler, Suite 1302
P.O. Box 9375
Amarillo, Texas 79105
Tel. (806) 371-9110
Fax (806) 373-9029

Jerry D. McLaughlin
State Bar No. 13743300

## JURY DEMAND

Plaintiff demands a trial by jury.

EEOC Form 151 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Mary R. Pride
2800 Palm Street
Amarillo, TX 79107

From:  Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

☐  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2009-18949 | Melva J. Best, Investigator | (214) 253-2819 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_Melva J. Best for_

Michael C. Fetzer,
Director

07/17/09
(Date Mailed)

cc:  Judy C. Brannen, PHR
Director, Human Resources
The Daybreak Group
P.O. Box 1775
Burleson, TX 76097

EXHIBIT A

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mary Pride

## DEFENDANTS
Daybreak Community Services, Inc. d/b/a Daybreak

**(b)** County of Residence of First Listed Plaintiff    Potter
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Tarrant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry McLaughlin, P.O. Box 9375, Amarillo, TX 79105, 806-371-9110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. sec. 200em et seq.

Brief description of cause:
Racial Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10/13/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____